HERMAN BURCH, as Administrator, etc., of CARMEN BURCH, Deceased, Appellant, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.

Second Department, March 25, 1937.

*David Gelwan,* for the appellant.

*Solon Weit* [*Joseph G. Telchin* and *Abraham Gruber* with him on the brief], for the respondent.

PER CURIAM. This is an action on two policies of life insurance. When the policies were issued they did not contain any double indemnity or accidental death benefit provisions. Subsequently such provisions were made available by concession. The policies provide that, in the event death resulted from bodily injury sustained solely through external, violent and accidental means,

the defendant would pay double indemnity. The insured was pregnant. She was taken to the delivery room in a hospital and prepared for delivery in the usual and customary manner. Preparatory to delivery a small amount of ether was administered. When she inhaled the ether she vomited and the vomitus entered the trachea and she was asphyxiated. The sole question raised below and urged here by the respondent is that the insured having voluntarily submitted herself to a parturition operation and having voluntarily inhaled the ether, and having intended to do both, her death was not the result of accidental means within the provisions of the policies. In construing a similar policy we recently held that the voluntary nature of the act did not exclude either accidental means or accidental results in fixing liability based on accidental cause in the case of injury or fatality not designed or expected. (*Meyer* v. *New York Life Ins. Co.*, 249 App. Div. 243.) Accidental means are those which produce results that are not their natural and probable consequences. (*Mansbacher* v. *Prudential Ins. Co.*, 247 App. Div. 378; affd., 273 N. Y. 140.)

The order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, dismissing the complaint on the merits, and said judgment of the Municipal Court should be reversed on the law, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ., concur.

Order of Appellate Term affirming judgment of the Municipal Court of the City of New York, Borough of Queens, dismissing complaint on the merits, and said judgment of the Municipal Court reversed on the law, with costs, and judgment directed for plaintiff for the relief demanded in the complaint, with costs.