FLORENCE ASH, Plaintiff, *v.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Bronx County, November 18, 1938.

*Maxwell M. Buxbaum* [*David Kamstore* of counsel], for the plaintiff.

*Louis Dawson* [*Frank L. Fritz* of counsel], for the defendant.

BLACK, J. The plaintiff brings this action to recover double indemnity on a policy of insurance requiring the defendant to pay such double indemnity only if " Death resulted directly from bodily injuries independently and exclusively of all other causes, and that such bodily injury was effected solely through external, violent and accidental means, provided, however, that this double indemnity shall not be payable in the event of the insured's death directly or indirectly from bodily or mental infirmity or disease of any sort."

The plaintiff claimed that the food vomited by the insured blocked his air passage and so caused asphyxiation. There can be no doubt that the cause of vomiting was induced by the state of intoxication of the insured. This condition of intoxication, coupled with the disease with which he was apparently afflicted, can be said to have been the real cause of the vomiting. However, the cause of death was not the disease but the accident causing the death when the food vomited remained in his upper airway and in the mouth, causing asphyxiation.

The jury has upon the proof of both sides rendered a verdict for the plaintiff. The defendant insists, upon the motion to set aside and dismiss, that no cause of action has been established; that plaintiff has not sustained the burden to show that the death of the insured was within the terms of the policy; that the verdict, in any event, is against the weight of credible evidence. The insured at the time of his death was plainly drunk from the effects of alcoholic beverages. There is no doubt, also, that the use of alcohol by the insured, considering the disease from which he was apparently suffering at the time, was detrimental to his health and retarded recovery from the ailment, but, notwithstanding such fact, it was a disputed issue of fact as to whether the food which was vomited by the insured while in a state of intoxication and which lodged in the air passage was the actual cause of death rather than the disease from which the insured was suffering. There was expert proof to the effect that in instances where food was found in the larynx upon autopsy such condition might have been due to the vomiting before death or to the convulsive effort which is a part of the process of death.

The jury, however, has found that the cause of death was as is contended by plaintiff, and the court is reluctant to disturb the finding of the jury on such issue. I can find no reason to disturb the verdict on the theory that there was no external means of death, as it seems to me that the case of *Burch* v. *Prudential Ins. Co.* (250 App. Div. 450) is an answer to such contention. In the cited case the insured was pregnant. She was taken to the delivery room in a hospital and prepared for delivery in the usual and customary manner. Preparatory to delivery a small amount of ether was administered. When she inhaled the ether she vomited and the vomitus entered the trachea and she was asphyxiated. The question raised on that appeal was that the insured, having voluntarily submitted herself to a parturition operation and having voluntarily inhaled the ether, and having intended to do both, her death was not the result of accidental means within the provisions of the policies. The facts in the instant case are of a stronger

character, for the insured did vomit, the cause of which may well be the state of intoxication of the insured. The food vomited up lodged in his throat, causing his death by choking. I have reached the conclusion that to disturb the finding of the jury would be merely to substitute the court's view for that of the jury. I am satisfied that there was sufficient evidence to warrant its submission to the jury which has found for plaintiff. The motion to set aside on the law and as against the weight of the evidence is denied.

There is, however, another question concerning the computation of interest. Under the terms of the policy of insurance the double indemnity is not due until proofs have been filed with the insurer. In the instant case the proof of death did not present any proof of a claim for double indemnity for accidental death, and in such circumstances interest may only be computed from the date of submission of such proofs. These proofs were submitted on April 1, 1938, from which date the clerk is directed to compute interest.

Motion is denied. Thirty days' stay and sixty days to make a case. Settle order.